IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES M. BROADHEAD, #224802, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-219-WHA |
| | ) | |
| NURSE SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James M.

Broadhead ("Broadhead"), a frequent federal litigant, presently incarcerated at Bullock

Correctional Facility ("Bullock").   In this complaint, Broadhead alleges that he was

recently subjected to the use of excessive force while at Bullock.   Specifically,

Broadhead asserts that four correctional officers "beat and struck [him] with security

sticks" over 960 times resulting in his placement "in[to] free world hospital, [Cooper

Green Hospital in Birmingham, Alabama,] where he had a broken arm in (3) places . . .

and staples in the head and (3) or (4) teeth[] was knocked out as there was threats on . . .

the plaintiff life the plaintiff was transferred for his safety as . . . plaintiff had fracture of

[his feet and ankles]." Doc. 1 at 4.  Broadhead seeks compensatory and punitive damages

from the defendants for the alleged violations of his constitutional rights. Doc. 1 at 4.

1

## II.  RELEVANT CASE HISTORY[1]

In June of 2011, Broadhead filed a civil action with this court in which he raised strikingly similar claims for relief—that he was struck with security sticks by correctional officers over 900 times, transferred to Cooper Green Hospital with "a broken arm in (3) places, and staples in the head, and (3) or (4) teeth[] was knocked out, as there was threats on the plaintiff life the plaintiff was transferred for his safety as the plaintiff had fracture to his feet and ankle area[.]" *Broadhead v. Dozier, et al.,* Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012), Doc. 1 at 4.  In this previous cause of action, Broadhead stated that the assault occurred at Kilby Correctional Facility ("Kilby") on June 17, 2011, whereas in the instant complaint he maintains the assault recently occurred at Bullock Correctional Facility.  Additionally, Broadhead filed two other civil actions with this court in 2011 alleging substantially similar claims for relief with the only differences in each of these complaints being the date of the alleged incident and the individuals named as defendants. *Broadhead v. Woodard, et al.,* Case No. 2:11-CV-341-MEF-TFM (M.D. Ala. 2012) (incident alleged to have occurred at Kilby on April 20, 2011); *Broadhead v. Norris, et al.,* Case No. 2:11-CV-490-MEF-TFM (M.D. Ala. 2012) (incident alleged to have occurred at Kilby on March 13, 2010).  Moreover, Broadhead has filed eleven additional civil actions with this court since 2011 raising substantially similar claims for relief but again identifying different dates, defendants and/or facilities where the alleged

---

[1] This court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir.  1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)

assault occurred. *See Broadhead v. Smith, et al.*, Case No. 2:16-CV-81-WHA-GMB (M.D. Ala. 2016); *Broadhead v. Scott, et al.*, Case No. 2:16-CV-17-WHA-GMB (M.D. Ala. 2016); *Broadhead v. Gasdon, et al.*, Case No. 2:15-CV-854-MHT-GMB (M.D. Ala. 2015); *Broadhead v. Olds, et al.*, Case No. 2:15-CV-715-WKW-TFM (M.D. Ala. 2015); *Broadhead v. Miree, et al.*, Case No. 2:14-CV-677-MHT-TFM (M.D. Ala. 2014); *Broadhead v. Rogers, et al.*, Case No. 2:14-CV-676-MHT-TFM (M.D. Ala. 2014); *Broadhead v. Miree, et al.*, Case No. 2:14-CV-641-MHT-TFM (M.D. Ala. 2014); *Broadhead v. Olds, et al.*, Case No. 2:14-CV-393-MEF-TFM (M.D. Ala. 2014); *Broadhead v. Olds, et al.*, Case No. 2:14-CV-367-MEF-TFM (M.D. Ala. 2014) (incident in each of the preceding cases alleged to have occurred at Donaldson Correctional Facility on unidentified dates in 2014, 2015 or 2016); *Broadhead v. Babers et al.,* Case No. 2:14-CV-210-MEF-TFM (M.D. Ala. 2014); *Broadhead v. Babers et al.,* Case No. 2:14-CV-49-WHA-TFM (M.D. Ala. 2014) (incident alleged to have occurred during a prior stint of confinement at Bullock).

The records for the other federal courts of this state likewise indicate that Broadhead has filed numerous other cases alleging a nearly identical claim of excessive force and asserting injuries consistent with those set forth in the instant complaint.[2]

---

[2] *See Broadhead v. Hicks, et al.*, Case No. 2:12-CV-2369-JHH-RRA (N.D. Ala. 2012); *Broadhead v. Price, et al.*, Case No. 2:12-CV-2193-IPJ-RRA (N.D. Ala. 2012); *Broadhead v. Byres, et al.*, Case No. 4:12-CV-644-KOB-RRA (N.D. Ala. 2012); *Broadhead v. Baker, et al.*, Case No. 4:12-CV-585-SLB-RRA (N.D. Ala. 2012); *Broadhead v. Norris, et al.*, Case No. 2:11-CV-490-MEF-TFM (M.D. Ala. 2012); *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012); *Broadhead v. Woodard, et al.*, Case No. 2:11-CV-341-MEF-TFM (M.D. Ala. 2012); *Broadhead v. Scott, et al.*, Case No. 4:10-CV-1152-WMA-RRA (N.D. Ala. 2010); *Broadhead v. Carter, et al.*, Case No. 4:10-CV-1142-AKK-RRA (N.D. Ala. 2010); *Broadhead v. Miles, et al.*, Case No. 4:10-CV-1141-JHH-RRA (N.D. Ala. 2010); *Broadhead v. Scott, et al.*, Case No. 4:10-CV-

Although these cases also differ in various details—the correctional facility at which the incident occurred, the date of the incident, the correctional officers involved or the precise number of times the officers struck Broadhead with security sticks—the core allegation of excessive force remains constant in each case, as does Broadhead's claim that his attackers stated the use of force occurred due to his conviction for rape of an elderly woman.  In addition, Broadhead asserts that he suffered strikingly similar injuries during each alleged attack—a broken arm, staples in his head, loss of teeth and fractures to his feet and ankle areas—and consistently maintains that after each purported attack he was transported to Cooper Green Hospital for treatment of his injuries.

The United States District Court for the Northern District of Alabama determined that the physical altercation responsible for generating the voluminous number of cases filed by Broadhead occurred "on October 27, 2009, while [he was] incarcerated at . . . Donaldson[,]" and concluded that complaints "alleging that he was assaulted in exactly the same manner and sustained the same exact injuries [at different times and locations] are 'wholly incredible' and 'delusional.'" *Broadhead v. Northcutt, et al.*, Case No. 4:09-CV-2512-SLB-RRA (N.D. Ala. 2011), Doc. 24 at 5 & 9, adopted as the opinion of the

1028-AKK-RRA (N.D. Ala. 2010); *Broadhead v. Malone, et al.*, Case No. 4:10-CV-806-JHH-RRA (N.D. Ala. 2010); *Broadhead v. McKay, et al.*, Case No. 4:10-CV-751-RRA (N.D. Ala. 2010); *Broadhead v. O'Brian, et al.*, Case No. 4:10-CV-475-JHH-RRA (N.D. Ala. 2010); *Broadhead v. Hopkins, et al.*, Case No. 4:10-CV-439-LSC-RRA (N.D. Ala. 2010); *Broadhead v. Wise, et al.*, Case No. 4:10-CV-388-IPJ-RRA (N.D. Ala. 2010); *Broadhead v. Brown, et al.*, Case No. 4:10-CV-350-VEH-RRA (N.D. Ala. 2010); *Broadhead v. Swain, et al.*, Case No. 4:10-CV-113-AKK-RRA (N.D. Ala. 2010); *Broadhead v. Richburg, et al.*, Case No. 4:10-CV-54-IPJ-RRA (N.D. Ala. 2010); *Broadhead v. Kirrire, et al.*, Case No. 4:10-CV-53-VEH-RRA (N.D. Ala. 2010); *Broadhead v. Swain, et al.*, Case No. 4:09-CV-2606-SLB-RRA (N.D. Ala. 2010); *Broadhead v. Northcutt, et al.*, Case No. 4:09-CV-2512-SLB-RRA (N.D. Ala. 2011); *Broadhead v. Michael, et al.*, Case No. 4:09-CV-2473-VEH-RRA (N.D. Ala. 2010); *Broadhead v. Griggs, et al.*, Case No. 1:10-CV-241-CG-C (S.D. Ala. 2011); *Broadhead v. Heinz, et al.*, Case No. 1:10-CV-129-KD-B (S.D. Ala. 2010); *Broadhead v. Mixon, et al.*, Case No. 1:10-CV-12-WS-C (S.D. Ala. 2010).

court on September 14, 2011 (Doc. 25) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

### III. DISCUSSION

Upon initiating this case, Broadhead did not pay the $350 filing fee and attendant $50 administrative fee nor did he file an application for leave to proceed *in forma pauperis*. In cases with these deficiencies, the usual practice of this court is to enter an order advising the plaintiff that he must pay the full filing fee and concomitant administrative fee or submit an application to proceed *in forma pauperis*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[3] Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must

---

[3] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *cert. denied*, 524 U.S. 978 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id*. at 216.

pay the filing fee upon initiation of his case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Federal court records establish that Broadhead, while incarcerated or detained, has on at least four occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim, or for asserting claims against defendants immune from suit.  The actions on which this court relies in finding a § 1915(g) violation by the plaintiff are: (1) *Broadhead v. Dozier, et al.*, Case No. 2:11-CV-489-MEF-TFM (M.D. Ala. 2012) (complaint malicious); (2) *Broadhead v. O'Brian, et al.*, Case No. 4:10-CV-475-JHH-RRA (N.D. Ala. 2010) (complaint frivolous); (3) *Broadhead v. Hopkins, et al.*, Case No. 4:10-CV-439-LSC-RRA (N.D. Ala. 2010) (complaint frivolous); and (4) *Broadhead v. Kirrire, et al.*, Case No. 4:10-CV-53-VEH-RRA (N.D. Ala. 2010) (complaint frivolous).

Upon review of the present complaint and the numerous other civil actions filed by Broadhead in this and the other federal courts of this state alleging the same factual basis for relief, the court finds that Broadhead fails to demonstrate that he "is under imminent danger of serious physical injury" as is required to meet the exception allowing circumvention of the directives contained in 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of  28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir.

2002) (noting the imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury'"). Thus, even if Broadhead sought *in forma pauperis* status in the instant action, he is not entitled to such status due to his violation of the "three strikes" provision of 28 U.S.C. § 1915(g).

Based on the foregoing analysis, the court concludes that this case is due to be summarily dismissed without prejudice as Broadhead failed to pay the requisite filing and administrative fees upon his initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to the provisions of § 1915(g)" because he "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the filing and administrative fees upon initiation of this case. It is further

ORDERED that on or before **April 19, 2016** the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the

provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 5th day of April, 2016.

/s/  Gray M. Borden
UNITED STATES MAGISTRATE JUDGE